IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WILLIAM ARGUETA HERRERA,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Detention Cen; IMMIGRATION & CUSTOMS ENFORCEMENT (ICE), UNITED STATES IMMIGRATION & CUSTOMS (USCIS), TODD LYONS, Acting Director ICE; and KRISTI NOEM, Secretary Homeland Security;

Respondents.

**8:26CV464**

**MEMORANDUM AND ORDER**

This matter comes before the Court on William Argueta Herrera's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. Filing No. 7 at 3. He entered the United States without inspection on April 13, 2016, and was shortly thereafter apprehended and given a notice to appear for removal proceedings. Filing No. 7 at 3. On July 1, 2016, Petitioner posted a bond and was released from ICE custody. Filing No. 7 at 3. The bond-setting document does not appear in the record despite the Court ordering Respondents to produce all relevant documents. However, the bond cancellation notice indicates the bond was for $10,000. Filing No. 7-6 at 1.

On April 30, 2018, Petitioner filed an application for U Visa. Filing No. 7 at 3. His removal case was administratively closed to allow him to pursue the U Visa on August 13, 2021. Filing No. 7 at 4. On February 27, 2026, Petitioner was arrested in Dawson County, Nebraska, for carrying a concealed weapon and careless driving. Filing No. 7 at 4. The charges were later dismissed, but Petitioner was nevertheless detained by ICE. Filing No. 7 at 4. Respondents have unilaterally cancelled Petitioner's bond, and his removal case has been reopened. Filing No. 7 at 4. Respondents allege Petitioner has outstanding criminal charges and a warrant in California, but once again do not provide any substantiating documentation despite the Court's show-cause order requiring them to do so. Filing No. 7 at 5.

Petitioner remains detained in the Lincoln County, Nebraska, jail and seeks his immediate release. Filing No. 1.

## II. ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts

across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. When Petitioner was detained and released on bond previously, the government necessarily invoked 8 U.S.C. § 1226. Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2)(A)[1] rather than § 1226. *See* Filing No. 5 at 5. But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226. *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva*

[1] Respondents assert § 1225(b)(2)(A) as the sole justification for Petitioner's detention and do not claim his arrests in California or Nebraska, neither of which have apparently resulted in a criminal conviction, require his detention.

*v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time. Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Here, the government made such a determination and released Petitioner on a $10,000 bond. Accordingly, absent a valid reason to redetermine Petitioner's bond (which Respondents do not assert because they claim he is subject only to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)), the order releasing him on bond remains operative. Respondents represent Petitioner may have a warrant for his arrest from California. Because Respondents do not provide any supporting documentation or additional information, it is not clear what the status of the warrant is or if another authority may seek to arrest Petitioner if he is released from ICE custody. Accordingly, having found Petitioner's present detention offends due process, the Court orders Respondents must release Petitioner from ICE custody upon the re-posting of his bond. However, Petitioner need not be released if another entity claiming authority to detain him takes custody of him within 48 hours after the posting of his ICE bond.

If Petitioner is released and Respondents choose to attempt to re-detain Petitioner in ICE custody, they must afford him a bond hearing in immigration court wherein the burden is on the Respondents to demonstrate he poses a flight risk or is a danger to the community. Importantly, because Respondents previously deemed it appropriate to

release Petitioner into the country on bond, Respondents must explain what has changed about Petitioner's circumstances so as to justify his detention now.

Furthermore, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall release Petitioner from ICE custody no later than 48 hours from the re-posting of the $10,000 bond if such bond has been returned and on the same terms as previously ordered and without additional conditions. If Respondents are still in possession of the $10,000 bond, they must release Petitioner from ICE custody within 48 hours of this Order. This order does not require Petitioner's release from custody should another entity take custody of Petitioner within 48 hours of the re-posting of the ICE bond.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents or must transfer all personal effects to the new custodian if Petitioner is taken into custody by another entity.
4. Should Respondents seek to re-detain or continue to detain Petitioner in ICE custody, they must first present evidence to an immigration judge explaining

the changed circumstances that make him a flight risk and/or danger and obtain an order from said immigration judge allowing them to re-detain Petitioner.

5. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on September 16, 2026.**

Dated this 10th day of September, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge